**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000696
28-JUN-2024
08:16 AM
Dkt. 142 SO**

NO. CAAP-19-0000696


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


KONDAUR CAPITAL CORPORATION, a Delaware corporation,
Plaintiff-Appellee,
v.
LEIGH MATSUYOSHI et al, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 12-1-0185)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

This is the latest appeal[1] stemming from the mortgagee's non-judicial foreclosure sale of its mortgagor's residential property to itself in the underlying case. Resmae Liquidation Properties LLC (**Resmae**) conducted the 2008 foreclosure auction on O'ahu, at which it bought the Kaua'i

---

[1] Previous appeals include: Kondaur Cap. Corp. v. Matsuyoshi, CAAP-12-0000867, 2014 WL 895025 (Haw. App. Mar. 7, 2014) (mem. op.); Kondaur Cap. Corp. v. Matsuyoshi, 134 Hawai'i 342, 341 P.3d 548 (2014); Kondaur Cap. Corp. v. Matsuyoshi, CAAP-12-0000867, 2014 WL 6488946 (Haw. App. Nov. 19, 2014) (SDO); and Kondaur Cap. Corp. v. Matsuyoshi (**Kondaur II**), 136 Hawai'i 227, 361 P.3d 454 (2015).

residential property (**Property**) belonging to its mortgagor Defendant-Appellant Leigh Matsuyoshi (**Matsuyoshi**). Resmae subsequently conveyed the Property by quitclaim deed to Plaintiff-Appellee Kondaur Capital Corporation (**Kondaur**), which filed a 2012 Complaint seeking possession of the Property and Matsuyoshi's ejectment. This latest appeal arises out of a bench trial conducted on remand, following the Hawaiʻi Supreme Court's 2015 decision in Kondaur II, vacating summary judgment on Kondaur's ejectment complaint. Kondaur prevailed at trial.

Matsuyoshi appeals from the Circuit Court of the Fifth Circuit's (**Circuit Court**)[2] (1) March 15, 2019 "Findings of Fact and Conclusions of Law After Trial" (**FOFs/COLs**); (2) March 15, 2019 Final Judgment (**Judgment**); June 13, 2018 "Order Denying Defendant Leigh Matsuyoshi's Request for Judicial Notice Filed February 21, 2018"; and (4) September 11, 2019 "Order Granting Plaintiff's Motion to Tax Costs and Expenses and for Award of Attorneys' Fees Filed March 29, 2019" (**Order Granting Fees**).

On appeal, Matsuyoshi contends[3] that the Circuit Court erred (1) in Findings of Fact (**FOFs**) 63, 64, 69, and Conclusion of Law (**COL**) 7, "that the sale on Oahu was not a factor to be considered in evaluating Resmae's conduct and that conducting the sale on Oahu was fair, reasonably diligent and in good faith"; (2) by finding that the sale price was "reasonable"; (3) by concluding in COLs 4 to 15 that the sale complied with the

---

[2] The Honorable Randal G.B. Valenciano presided.

[3] We have edited, reordered, renumbered, and consolidated Matsuyoshi's numerous points of error (**POEs**) for clarity. In addition to the POEs above, Matsuyoshi also challenges certain oral findings made by the Circuit Court prior to the issuance of the FOFs/COLs. Because a court's "written order generally controls over its oral statements[,]" we do not address these additional contentions. State v. Milne, 149 Hawaiʻi 329, 335, 489 P.3d 433, 439 (2021) (citations omitted).

"statutory, [sic] power of sale and common law duties"; (4) by admitting certain evidence, refusing to rule on preliminary admissibility of evidence, and denying a motion in limine to exclude certain testimony; (5) in ruling that the notice of default and acceleration was delivered to or received by Matsuyoshi at least 30 days before the deadline to cure default; (6) by refusing to take judicial notice that the Honolulu Star-Bulletin stopped circulation on Kauaʻi in 2004 and finding that the newspaper had general circulation in Kauaʻi County; (7) in awarding Kondaur its attorneys' fees and costs; and (8) by dismissing Matsuyoshi's quiet title counterclaim in COL 16 and entering judgment against Matsuyoshi on that claim.[4]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Matsuyoshi's contentions as follows, and vacate and remand.

In Kondaur II, the supreme court held that "in situations where a mortgagee acts as both the seller and the purchaser of the subject property at a non-judicial foreclosure sale," as in this case, the mortgagee or its quitclaim transferee "bears the burden of proving compliance" with Ulrich v. Sec. Inv. Co. Ltd., 35 Haw. 158 (Haw. Terr. 1939). 136 Hawaiʻi at 229, 361 P.3d at 456. "*Ulrich* requires mortgagees to exercise their right to non-judicial foreclosure under a power of sale in a manner that is fair, reasonably diligent, and in good faith, and to demonstrate that an adequate price was procured for the property." Id. at 240, 361 P.3d at 467 (citation omitted).

---

[4] Matsuyoshi does not challenge the Judgment as to her slander of title claim.

The supreme court concluded that Kondaur failed to satisfy its initial burden on summary judgment, because Kondaur's only evidence as to the manner in which the foreclosure sale was conducted, was the Affidavit of Sale by Resmae's attorney.  Id. at 242-43, 361 P.3d at 469-70.  This Affidavit of Sale merely certified compliance with statutory requirements and mortgage terms, and failed to establish compliance with Ulrich, including why the sale was conducted on a different island from the Property's location:

> [T]he Affidavit of Sale fails to provide any averments as to the fairness and regularity of the foreclosure sale or as to whether [Resmae] conducted the foreclosure sale in a diligent and reasonable manner.  This document does not even speak of any reason as to why the foreclosure sale was conducted on Oʻahu when the Property is on Kauaʻi.  Although the Affidavit of Sale states that the Property was sold for $416,900.20 at the foreclosure sale, it does not make any declaration concerning the adequacy of this price.
>
> . . . Hence, a mortgagee's minimal adherence to the statutory requirements and the terms of the mortgage under which the foreclosure sale is conducted—the only facts that [Resmae]'s Affidavit of Sale supports—does not establish that the foreclosure sale similarly satisfied the *Ulrich* requirements.

Id. (emphases added) (cleaned up).  The supreme court rejected Kondaur's justification for holding a sale on Oʻahu for the Kauaʻi Property as "conclusory" and without evidentiary support, as follows:

> Kondaur asserted in the circuit court and the ICA that "conducting the public sale on the island of Oahu made it possible for the foreclosing mortgagee to conduct the sale in a larger market with more prospective purchasers."  This assertion fails to establish that the foreclosure sale satisfied the requirements of *Ulrich*, not only because it is conclusory but also because evidence substantiating this assertion was not submitted in support of the MSJ.
>
> In any event, because the Property is located on Kauaʻi and the terms of the sale included a clause requiring the buyer to take the Property "AS IS" and "WHERE IS," it is at least a question of fact whether

4

> the foreclosure sale actually benefited from the larger pool of potential real estate buyers on Oah'u. [sic]  The record simply is insufficient to prove or disprove the advantages or disadvantages of selling an "as is" residential property on a different island.

Id. at 242 n.32, 361 P.3d at 469 n.32 (emphases added) (cleaned up).  The supreme court vacated the judgment in favor of Kondaur, and remanded to the Circuit Court for further proceedings.  Id. at 244, 361 P.3d at 471.

On remand, the Circuit Court held a May 29-30, 2018 bench trial on Kondaur's ejectment complaint and Matsuyoshi's counterclaim, during which the Circuit Court heard testimonies of Matsuyoshi and Kondaur's asset manager, Evan Williams (**Williams**), and received evidence.

On July 12, 2018, the Circuit Court orally ruled in favor of Kondaur and denied the counterclaim.

On March 15, 2019, the Circuit Court entered the FOFs/COLs that concluded, inter alia, that the foreclosure sale of the Property to Resmae was not void or voidable; the quitclaim deed conveyed "good title" to Kondaur; Matsuyoshi had no right to use or possess the Property; and Matsuyoshi failed to present a prima facie case on her counterclaim for quiet title or slander of title.  The same day, the Circuit Court entered the Judgment and issued a Writ of Ejectment.

On March 29, 2019, Kondaur filed a Motion to Tax Costs and Expenses and for Award of Attorneys' Fees, which the Circuit Court granted on September 11, 2019.

> **1. The trial record does not contain evidence beyond what was deemed insufficient in Kondaur II, to support the Circuit Court's conclusion that the O'ahu sale of the "as is" Kaua'i Property was reasonable, diligent, and in good faith.**

Matsuyoshi contends that the Circuit Court erroneously found in FOFs 63, 64, 69, and COL 7, that the sale on O'ahu

5

complied with Ulrich, where the trial record here contained "no evidence beyond the . . . Foreclosure Affidavit" deemed insufficient in Kondaur II. These FOFs and COL 7, which contain the Circuit Court's location-of-sale findings and Ulrich-compliance determination, state:

> 63. The location of the sale at the First Circuit Court on Oahu was not a factor to be considered in evaluating whether [Resmae] acted with reasonable diligence in conducting the sale.
>
> 64. The location of the sale did not prejudice Defendant Matsuyoshi; rather it exposed the Property to a wider audience with more resources than available on the Island of Kauai.
>
> . . . .
>
> 69. The foreclosure sale was conducted in a manner that was fair, reasonably diligent and in good faith.
>
> . . . .
>
> [(Conclusions of Law)]
>
> . . . .
>
> 7. [Resmae] exercised its right to nonjudicial foreclosure under its power of sale in a manner that was fair, reasonably diligent and in good faith . . . .

We review FOFs under the clearly erroneous standard. Uyeda v. Schermer, 144 Hawaiʻi 163, 170, 439 P.3d 115, 122 (2019). "A finding of fact is clearly erroneous when either the record lacks substantial evidence to support the finding, or, evidence exists to support the finding, but we are left with the definite and firm conviction in reviewing the entire evidence that a mistake has been committed." Id. (citation omitted). "[S]ubstantial evidence [i]s credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Leslie v. Estate of Tavares, 91 Hawaiʻi 394, 399, 984 P.2d 1220, 1225 (1999)

(cleaned up). "Where a conclusion of law presents a mixed question of law and fact, we review this conclusion under the clearly erroneous standard. A mixed question of law and fact is a conclusion dependent upon the facts and circumstances of the particular case." Uyeda, 144 Hawaiʻi at 170, 439 P.3d at 122 (citation omitted).

**FOF 63:** Matsuyoshi argues that FOF 63, that sale location was not a factor in evaluating the "reasonable diligence" requirement, is "directly contrary" to Kondaur II. We conclude that FOF 63, which appears to be a COL, is wrong. Kondaur II required Kondaur to specifically establish how or why the different-island location of the sale of "as is" residential property reflected reasonable diligence. See 136 Hawaiʻi at 242, 242 n.32, 361 P.3d at 469, 469 n.32 (concluding that the Affidavit of Sale, which "d[id] not even speak of any reason as to why the foreclosure sale was conducted on Oʻahu when the Property is on Kauaʻi[,]" was insufficient, and that the record there was "insufficient to prove or disprove the advantages or disadvantages of selling an 'as is' residential property on a different island").

**FOFs 64 and 69:** FOF 64 was a factual finding that the sale location "did not prejudice" Matsuyoshi because "it exposed the Property to a wider audience with more resources" than what was available on Kauaʻi, which we review for clear error. See Uyeda, 144 Hawaiʻi at 170, 439 P.3d at 122. FOF 69 contained the Circuit Court's ultimate Ulrich conclusion that the sale "was conducted in a manner that was fair, reasonably diligent and in good faith." This conclusion involved a mixed question of law and fact that we also review under the clear error standard. See id.

7

Matsuyoshi argues that there was no evidence presented *at trial*, beyond the same Affidavit of Sale deemed insufficient in Kondaur II, addressing any reasons for conducting the foreclosure sale on Oʻahu, to support FOFs 64 and 69. Kondaur disagrees, raising multiple arguments we address below.

First, Kondaur argues that FOFs 64 and 69 are supported by unchallenged FOFs 53-54, 56-57, 59-62, 66-68.[5] This

---

[5] Unchallenged FOFs are binding. Okada Trucking Co., Ltd. v. Bd. of Water Supply, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002).

These FOFs state:

53. On October 9, 2008, [Resmae] served on Defendant Matsuyoshi and posted on the Property a notice of nonjudicial foreclosure sale under Hawaii law ("Notice"). (Exhibit D-17, at pages 48 and 53)

54. The Notice identified the date, time and location of the proposed nonjudicial foreclosure sale as November 13, 2008 at noon in front of the First Circuit Court building, 777 Punchbowl Street, Honolulu, Hawaii.

. . . .

56. The advertisement described the property by its street address in Lihue, Kauai and by its Tax Map Key number, allowing any reader to identify, locate and research the specific parcel of real property advertised for sale.

57. The advertisement gave the name and address of the contact person for the sale who was located in Hawaii.

. . . .

59. There was no evidence that [Resmae] did anything to suppress information about the sale or hinder potential bidders' ability to inspect the Property.

60. After receiving the notice of sale and after the posting, Defendant Matsuyoshi did not object to [Resmae]'s representative about the date, time or location of the foreclosure sale prior to the published date of the sale.

argument is unpersuasive.  FOFs 53-54, 56-57, and 61-62 are from the same Affidavit of Sale previously deemed insufficient to address the different-island location of the sale.  FOFs 59, 60, and 66-68 do not address whether the "foreclosure sale actually benefited" from being held on Oʻahu, or whether there were any "advantages or disadvantages of selling an 'as is' residential property on a different island."  Kondaur II, 136 Hawaiʻi at 242 n.32, 361 P.3d at 469 n.32.  Kondaur's reliance on these unchallenged FOFs is misplaced.

Kondaur also argues that FOFs 64 and 69 were "further supported by substantial evidence of record, including Matsuyoshi's trial testimony, recorded deeds, county tax documents, and the trial testimony of [Williams]" -- without pointing to where in the record such evidence exists.  We disregard these arguments.  See HRAP Rule 28(b)(7) (requiring argument to contain citations to "parts of the record relied on").

---

61.  The nonjudicial foreclosure sale was held at the date, time and place in the Notice.

62.  At the nonjudicial foreclosure sale, [Resmae] made the winning bid of $416,900.20.

. . . .

66.  In 2008, the real estate markets in the State of Hawaii and on the County of Kauai were falling as a result of the recession that had started on the Mainland[.]

67.  [Resmae]'s bid for the Property was higher than the consideration paid to the Matsuyoshi family members in 2007 for their interests in the Property.

68.  [Resmae]'s bid for the Property was higher than [Resmae] was able to obtain two years later from Kondaur.

Here, the record of the trial reflects that neither Williams's nor Matsuyoshi's trial testimonies discussed the foreclosure sale on Oʻahu.  Other than the Affidavit of Sale, none of the other exhibits in evidence contained information regarding the rationale for a different-island location for this foreclosure sale.[6]  Thus, Kondaur failed to meet its burden to show that conducting the non-judicial foreclosure sale on Oʻahu for the "as is" Kauaʻi Property was "fair, reasonably diligent, and in good faith[.]"  Kondaur II, 136 Hawaiʻi at 240, 361 P.3d at 467 (citation omitted).  COL 7, which concluded that the Ulrich requirements were met, was clear error.  See Uyeda, 144 Hawaiʻi at 170, 439 P.3d at 122.

**2. The Circuit Court erred in entering judgment in favor of Kondaur and against Matsuyoshi on Kondaur's ejectment complaint.**

To prove an ejectment claim, a plaintiff must (1) prove that they own the parcel at issue (meaning they must have title to and the right of possession of such parcel); and (2) establish that possession is unlawfully held by another.  Kondaur II, 136 Hawaiʻi at 241, 361 P.3d at 468.

Matsuyoshi argues that Kondaur failed to meet its burden under Kondaur II, and as a matter of law, that Kondaur's "title is therefore invalid."  Matsuyoshi claims that because

---

[6]     Kondaur presented closing *argument*, but not evidence, regarding the location of the sale on Oʻahu, that:  Honolulu county "is the location of the capital markets in Hawaii"; Honolulu's population was "many times that of the County of Kauai"; "finding bidders in November 2008 willing to buy the Property was higher in Honolulu than anywhere else in the State"; that "[e]xposing the Property to sale to potential bidders throughout the State through a sale in Honolulu provided the best opportunity"; "[t]he location of the sale did not materially affect the prospects for the foreclosure"; and "[n]o evidence was presented that Kauai residents desired to bid on the Property but the location of the sale prevented them."  Closing argument is not evidence.  See State v. McGhee, 140 Hawaiʻi 113, 119, 398 P.3d 702, 708 (2017).

Kondaur is "unable to enforce its 'title,' . . . Matsuyoshi is automatically entitled to set it aside[.]"

Here, Kondaur relied on the quitclaim deed to prove its ownership and title to the Property. The quitclaim deed conveying title from Resmae to Kondaur, however, "specifically carve[d] out from Kondaur's interest any claims that Matsuyoshi may still have on the Property[,]" by stating that Resmae made "no representations, warranties or promises regarding any claims by LEIGH MATSUYOSHI." Id. (cleaned up).

> Because the title to the Property deeded by [Resmae] to Kondaur derives from a non-judicial foreclosure sale of the Property, the strength and validity of Kondaur's title is unavoidably intertwined with the validity of the foreclosure sale. It therefore became incumbent upon Kondaur to demonstrate that the foreclosure sale was conducted in accordance with *Ulrich* to prove that its quitclaim deed is valid and superior to any claims that Matsuyoshi may have on the Property.

Id. at 241, 361 P.3d at 468 (emphasis added) (internal citation omitted).

In light of our conclusion supra that the Ulrich requirements were not met, Kondaur failed to demonstrate that its quitclaim deed, from which Kondaur derived its title, was "valid and superior to any claims that Matsuyoshi may have on the Property." Id. Thus, Kondaur did not prove its ownership of the Property with valid title. COLs 11-14, relating to the ejectment complaint, were clear error.[7] See Uyeda, 144 Hawai‘i

---

[7] COLs 11-14 state:

> 11. [Resmae]'s quitclaim deed to Kondaur conveyed all of [Resmae]'s interest in the Property and conveyed good title to the Property to Kondaur.
>
> 12. Defendant Matsuyoshi has no right to use or possession of the Property.
>
> 13. Defendant Matsuyoshi, her assigns, heirs, agents, servants, employees, guests, invitees, and others acting

11

at 170, 439 P.3d at 122. We thus vacate the Judgment in favor of Kondaur on the ejectment complaint.

Matsuyoshi also asserts that "in Kondaur's hands, the sale is void, not merely voidable." In Kondaur II, however, the supreme court stated: "if the Ulrich requirements were not satisfied, a quitclaim deed would convey only a **voidable** interest in the [P]roperty." 136 Hawai'i at 242 n.29, 361 P.3d at 469 n.29 (bolding added). In Delapinia v. Nationstar Mortg. LLC, 150 Hawai'i 91, 101, 497 P.3d 106, 116 (2021), the supreme court clarified that "a wrongful foreclosure that violates the power of sale is **voidable**, not void." (Bolding added.) The Delapinia court explained that this conclusion is consistent with Hawai'i precedent that a foreclosure violating "a statute governing the nonjudicial foreclosure scheme" -- such as HRS § 667-5 at issue in Mount v. Apao, 139 Hawai'i 167, 384 P.3d 1268 (2016) -- and a foreclosure violating "other law extrinsic to the mortgage itself" -- such as the Ulrich requirements applied in Kondaur II -- render the sale conducted thereto "**voidable** at the election of the mortgagor[.]" Id. at 101-02, 497 P.3d at 116-17 (bolding added) (citing Kondaur II, 136 Hawai'i at 242 n.29, 361 P.3d at 469 n.29). We remand for Matsuyoshi to assert

under her direction and authority, are enjoined and restrained from entering the Property, from using the same for any purpose, from interfering with Kondaur's use and enjoyment of the Property, and from interfering in any other way with Kondaur's possession, [sic] of the Property.

14. Kondaur is entitled to issuance of a Writ of Ejectment, upon presentment and effective as of the date of issuance, ordering that the Defendant Matsuyoshi and her possessions to [sic] be removed from the Property, and possession of the Property to be delivered to Kondaur.

her relief in light of our disposition that the sale was invalid and voidable.[8]

### 3. The Circuit Court erred in entering judgment in favor of Kondaur and against Matsuyoshi on Matsuyoshi's quiet title counterclaim.

Matsuyoshi contends the Circuit Court erred in entering judgment against her on her counterclaim for quiet title. Matsuyoshi's counterclaim asserted that: "Matsuyoshi's claim to title is superior to that of Kondaur due to defects in Kondaur's title, including, but not limited to, . . . defects in the non-judicial foreclosure sale conducted by Resmae."

The minimum elements of a quiet title claim are: the plaintiff "has a substantial interest in the property"; and plaintiff's "title is superior to that of the defendants." KaʻUpulehu Land LLC v. Heirs & Assigns of Pahukula, 136 Hawaiʻi 123, 137, 358 P.3d 692, 706 (2015) (cleaned up).

In light of our holding <u>supra</u> that the invalidity of the sale compromised Kondaur's title under the quitclaim deed, we conclude COL 15 (stating "Matsuyoshi failed to present a prima facie case for quiet title"), and COL 16 (dismissing the quiet title counterclaim with prejudice), were clearly erroneous. See Uyeda, 144 Hawaiʻi at 170, 439 P.3d at 122. Here, the trial record contained prima facie evidence of Matsuyoshi's interest in the Property based on a 2007 deed[9] reflecting Matsuyoshi's ownership interest in the Property, and the 2010 quitclaim deed from Resmae to Kondaur that acknowledged Matsuyoshi's "ownership claim on the Property." Kondaur II, 136

---

[8] In this regard, COL 10, which stated that "[t]he nonjudicial foreclosure sale to [Resmae] is not void or voidable[,]" was clearly erroneous.

[9] The 2007 deed was a trial exhibit and is reflected in FOF 20.

Hawai'i at 241, 361 P.3d at 468.  We thus vacate the Judgment in favor of Kondaur on Matsuyoshi's quiet title counterclaim.

Finally, in light of our resolution, we vacate the Order Granting Fees since Kondaur is no longer the prevailing party.[10]  We need not address Matsuyoshi's remaining contentions of error related to the trial.

For the foregoing reasons, we vacate the Circuit Court of the Fifth Circuit's March 15, 2019 "Findings of Fact and Conclusions of Law After Trial" and Final Judgment; the June 13, 2018 "Order Denying Defendant Leigh Matsuyoshi's Request for Judicial Notice Filed February 21, 2018"; and September 11, 2019 "Order Granting Plaintiff's Motion to Tax Costs and Expenses and for Award of Attorneys' Fees Filed March 29, 2019."  We remand for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawai'i, June 28, 2024.

On the briefs:

Bridget G. Morgan-Bickerton,
for Defendant-Appellant.

Benjamin M. Creps,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[10]    We express no opinion as to whether Matsuyoshi is entitled to attorneys' fees and costs.